Pusey Unemployment Compensation Case.

Argued October 1, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David R. Perry,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellant.

*Roland M. Morgan,* with him *Charles R. Davis,* Special Deputy Attorney General, *James H. Duff,* Attorney General, and *R. Carlyle Fee,* Assistant Special Deputy Attorney General, for appellee.

OPINION BY RENO, J., October 30, 1946:

In this unemployment compensation case, the bureau determined that claimant was ineligible for benefits on the ground that she had refused suitable employment without good cause. Upon her appeal, the referee re-

versed the bureau, and upon its appeal, the board took. additional testimony and sustained the referee. The bureau brought the case here for review.

The board found that claimant's most recent employment had lasted almost two years and that she had been laid off due to lack of work on August 17, 1945. She registered for work and, the findings of fact continue, she "was referred to a job at the American Viscose Corporation, where she had formerly worked, and the claimant reported to the prospective employer, at which time she was advised that the only available job was on a piece work basis, which makes the claimant nervous. The claimant refused to accept the job, stating that she had had to quit a job at the American Viscose years ago because the piece work got on her nerves." The findings are fully supported by the evidence, and consequently are binding upon us. Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §510, 43 PS §830. We gather from the evidence that claimant is afflicted with St. Vitus Dance. Claimant's work record compiled by the American Viscose Corporation where she worked until 1929 contains this annotation: "Has nervous condition, coning work affected nerves—subject to St. Vitus Dance."

The Act, §402, 43 PS §802, provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work . . . or to accept suitable work when offered to him by the employment office or by any employer . . ." And §4 (t), 43 PS §753, provides: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence."

We can readily understand that piece work, where the worker's earnings are computed upon his individual

production and, more especially, where he must quicken his pace so that his efforts synchronize with those of his co-workers upon the same assembly or production line, there may develop stress and strain which might deleteriously affect a worker afflicted with a neurological disorder. The claimant's "physical fitness" is one of the tests of suitable employment, work is suitable only if the employe is capable of performing it, and the board is warranted in concluding that a claimant was justified by a good cause when in good faith he refuses work of a kind which actual experience in it has proven to be unsuitable for him. We again remind the unemployment compensation authorities that the indispensable ingredient of good cause is good faith. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898; *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260.

Decision affirmed.