Hassey Unemployment Compensation Case.

Hassey, Appellant, *v.* Unemployment Compensation Board of Review.

Argued September 30, 1947, Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT, J., absent).

*George F. Shinehouse, Jr.,* for appellant.

*Roland M. Morgan,* Assistant Special Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *Charles R. Davis,* Special Deputy Attorney General, for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

This is an unemployment compensation case in which claimant has appealed from the decision of the Unemployment Compensation Board of Review disallowing compensation.

Claimant registered for work and filed an application for benefits on February 11, 1946, effective February 8, 1946. She filed a waiting week claim for the week ending February 15, 1946, and compensable claims for weeks ending February 21, 28, and March 7, 14, 21, 28, 1946. The bureau denied benefits for the week ending February 28, 1946, and subsequent weeks on the ground that claimant refused an offer of suitable work without good cause. The referee on appeal by claimant concluded that she was not available for work during the week ending February 28, 1946, and that she, subsequent to March 18, 1946, was disqualified within the meaning of section 402(a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, §402(a), as amended by the Act of May 29, 1945, P. L. 1145, §9, 43 PS §802.

. . The board after taking additional testimony affirmed the findings of fact of the referee. Claimant's last place of employment was with Sharp & Dohme, Inc., Philadelphia, Pa., where she worked as a labeler and packer; she was last employed there on February 1, 1946. On February 25, 1946, the United States Employment Service offered claimant a referral. On account of a cold she did not see the prospective employer. On March 18, 1946, claimant was offered two referrals by the employment service: One with the Ederer Company, Philadelphia, Pa., as an examiner, and the other with Foster Brothers, Philadelphia, Pa., as a trainee sewing machine operator. She did not see either prospective employer to learn the details of the jobs offered.

The board determined that claimant's unemployment subsequent to March 18, 1946, was due to her failure without good cause to apply for suitable work, and that she was ineligible for benefits. See section 402(a) of the Unemployment Compensation Law, 43 PS §802.

Claimant's contentions are that the proffered employment was not suitable work, and that she had good cause for refusing the referrals without investigating the nature, details, and working conditions of the work offered.

We are of the opinion that the record supports the decision of the board.

Claimant's own testimony establishes that she had previously worked as sewing machine operator for the Quartermaster Department. The proffered employment with Foster Brothers, as trainee sewing machine operator, fell within her work classification based on her prior training and experience. To that extent it was suitable work. Claimant alleged that her physical condition made the work, which was thus prima facie suitable, not suitable for her. At most, she could not take any position which would keep her on her feet continuously. Her doctor's certificate was to this effect. In

her initial testimony before the referee claimant based her refusal of the Foster Brothers referral upon another ground. She testified: "I don't know where it was. I said I couldn't operate any more—my nerves were going bad." There is no substantial testimony that the Foster Brothers position was unsuitable; there is positive evidence based on claimant's own testimony that it was suitable in so far as being in line with claimant's prior industrial experience.

A claimant's physical fitness is one of the tests of suitable employment. *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 573, 49 A. 2d 259. But consideration of this and of other factors is for the board; and determination of suitability of work is largely a question of fact and ordinarily our review is limited to ascertaining whether the board's findings are sustained by the evidence. *Fuller Unemployment Compensation Case,* 159 Pa. Superior Ct. 74, 77, 46 A. 2d 510.

A single interview between claimant and the prospective employers would have been sufficient to determine the nature, details, and working conditions of the offered employment. Claimant did not choose to seek such interviews nor to take any steps toward obtaining more definite information. We think this passive attitude was indicative of want of good faith. In *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260, 262, we said: "There can be no good cause which does not rest in good faith. Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting."

Ordinarily, a claimant, an unemployed worker in a covered employment, is presumed to be entitled to benefits when he registers for work and files a claim; but such presumption is rebuttable. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct, 548, 560, 45 A. 2d 898. A claimant is ineligible for compensation

if he comes within a disqualifying provision of the Pennsylvania Unemployment Compensation Law. And, as we said in *Brilhart Unemployment Compensation Case,* supra, 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260, 262: "By registering for work claimant raised a presumption of her availability, but it was weakened by her refusal of referrals, and shaken by her failure to interview prospective employers."

Claimant having rejected a referral to suitable work without good cause was disqualified under section 402(a) of the Unemployment Compensation Law, and is not entitled to unemployment benefits. 43 PS §802.

Decision is affirmed.