Argued November 16, 1949.
This is an appeal by the claimant from the decision of the Unemployment Compensation Board of Review denying compensation to claimant. The compensation authorities concluded that, under § 402(a) of the Unemployment Compensation Law, as last amended by the Act of June 30, 1947, P. L. 1186, 43 P. S. § 802, claimant was ineligible for benefits because she had refused, without good cause, suitable employment offered to her by the unemployment office.
Claimant was employed as an assembler by the Westinghouse Electric Corporation, East Pittsburgh, from *Page 295 
1943 until November 21, 1947, when she was temporarily unemployed because of lack of work. From that time until she was subsequently re-employed by Westinghouse, she received unemployment benefits in the amount of $20.00 per week. On or about September 24, 1948, she was again laid off because of lack of work. She received benefits for six weeks, until November 8, 1948, when she was offered a referral to work with the H. J. Heinz Company in Pittsburgh, which she refused on the ground that it would affect her health. The work involved lifting cans out of a sterilizer and placing them on a conveyor. Claimant refused the job because six or seven years previously she had experienced a painful swelling of her hands when working in water and she felt the offered work would result in the recurrence of the swelling of her hands. Interrogation of the claimant developed that she had had no substantial or recent experience with damp work. The physician's letter admitted by her stated only that she had a "tendency" to edema (swelling) of the hands, face and arms "which is worse when subjected to cold or dampness."
The board concluded that the work offered was not inconsistent with claimant's established employment standard; that the wages, in view of her long period of unemployment, were within an acceptable range; and that there was no convincing testimony that it involved any risk to health, safety or morals.
Undoubtedly, the claimant's physical fitness is a factor to be considered in determining whether or not proffered employment is suitable. Work is suitable only if the employe is capable of performing it without injury, and a claimant is justified by good cause when in good faith work of a kind which actual experience has proven to be unsuitable, is refused.Pusey Unemployment Compensation Case, 159 Pa. Super. 571,49 A.2d 259. *Page 296 
But, determination of the condition of the claimant's health and the suitability of the work offered considering the status of health, are largely questions of fact for compensation authorities, and their findings will not be disturbed by us on review, if they are sustained by substantial competent evidence. Hassey Unemployment Compensation Case, 162 Pa. Super. 14,56 A.2d 400. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the board; and on appeal we consider the testimony in the light most favorable to the party in whose favor the board has found. TronieriUnemployment Compensation Case, 164 Pa. Super. 435,65 A.2d 426.
The board did not find, nor does the record disclose, reasonable basis for the claimant's fear of physical harm or injury. It is not inconceivable that apprehension may constitute good cause. That concept must, by necessity, remain flexible and without rigid definition. Cf. Myers UnemploymentCompensation Case, 164 Pa. Super. 150, 152, 63 A.2d 371. Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment, may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work:Pusey Unemployment Compensation Case, supra; FilchockUnemployment Compensation Case, 164 Pa. Super. 43,63 A.2d 355. There must be substantial causes, founded in real circumstances, that will bear the test of reason; and mere conjecture will never suffice. Cf. Sturdevant UnemploymentCompensation Case, 158 Pa. Super. 548, 45 A.2d 898.
Without risk of injury the claimant could have given the offered employment a trial and could have acted *Page 297 
thereafter in accordance with its effect upon her. Her election to remain idle in these circumstances necessarily reflects upon the good faith of her refusal. The board must be affirmed.
Decision affirmed.