## Sledzianowski Unemployment Compensation Case.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph Patrick Gorham,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY HIRT, J., November 16, 1950.

Claimant applied for benefits under the Unemployment Compensation Law. The Referee in reversing the Bureau denied the claim on the ground that claimant voluntarily left his work without good cause under §402(b), as amended by the Act of May 23, 1949, P.L. 1738, 43 PS §802. The Board on appeal affirmed the Referee's order of disallowance.

We are unable to find any serious dispute as to the facts. Claimant had been employed by Yale and Towne Manufacturing Company as a stockroom clerk or storekeeper for seven and one-half years. As storekeeper his assignment involved the keeping of records of materials and his duties were largely supervisory and clerical al-

though they involved some manual work. He previously had been employed by Sears and Roebuck as a stock clerk for 15 years. On April 18, 1949, he was given the lower classification of checker in the stock room with a reduction in wages from $1.32 to $1.16 per hour. The demotion was due entirely to a falling off in the employer's business which made it necessary to reduce the number of workmen in various departments. Claimant's services were always satisfactory. Because of a further recession in the employer's business no work was available to claimant in that classification after June 17, 1949, and his employment in the stockkeeping department terminated on that date. Claimant's foreman, representing the employer, then offered him a job of spray painting rough castings and stores, at a further reduction in wages to $1.09 per hour. Claimant refused the proffered employment as a paint sprayer because of his apprehension that it would be detrimental to his health. He gave that as the controlling reason although he also demurred to the change in his work classification.

The appeal from the decision of the Bureau was heard by the Referee on October 4, 1949. At the hearing the employer was represented by counsel but claimant was not. He nevertheless brought with him to the hearing a certificate signed by his physician to this effect: "This is to certify that Mieceslaw [the claimant] has been treated by me on dates given below, complaining at that time of headache, dizzy spells and nausea. In taking the medical history it has been established that the forementioned attacks follow the use of paints around the house. Treated on May 8, 1947, August 18, 1947, June 14, 1948, May 23, 1949, May 24, 1949. This patient has been told to refrain from coming in contact with any kind of paints, as he seems to be definitely allergic to them and becomes violently ill after each contact". This statement was admitted in evi-

dence by the referee without objection from the employer's counsel. And since the doctor's certificate was admitted without objection it is competent evidence, undisputed in this record, of the statement of facts contained in it. The same principles have application here as in proceedings under the Workmen's Compensation Law. A rule of evidence not invoked must be regarded as waived. "Inadmissible evidence including hearsay evidence, admitted without objection, is not a nullity or void of probative force, but is to be given its natural probative effect as if it was in law admissible": *Poluski v. Glen Alden Coal Co.*, 286 Pa. 473, 133 A. 819. It is conceded that the certificate of claimant's physician "was accepted" by the Board. The testimony of a medical witness even though uncontradicted is not binding on the Board. *Stufflet v. Fraternal Order of Eagles*, 164 Pa. Superior Ct. 473, 65 A. 2d 443. But there is nothing either in the decision of the Referee or of the Board to indicate that it was not accepted as proof of plaintiff's allergy to paint.

It is not of controlling importance that the Board, in denying benefits, found: "The claimant was offered this job as a temporary expedient only, since as soon as the emergency had passed he would have been returned to his former position". Whether the work offered claimant was temporary or not is beside the point, although in fact the record refutes every inference that the transfer of claimant was intended as a temporary expedient. The hearing was held before the Board on January 10, 1950, and there is no suggestion that his former employment would have been open to him then. Nor is there any evidence that other employees laid off under similar circumstances had ever been recalled.

Of course, the burden rested on claimant to establish good cause under §402(b) in refusing the paint spraying job. *Wolfson v. Unemployment Compensation Board*, 167 Pa. Superior Ct. 588, 76 A. 2d 498. In

our view, however, the Board erred as a matter of law in imposing a more stringent burden of proof on this claimant than was contemplated by the Act. In that connection the Board said: ". . the claimant did not inform the employer of the fact that he had suffered from a paint allergy, nor did he seek to ascertain whether or not the paint used in the plant was of the type which he now alleges would have been deleterious to his health. The claimant thus failed in his obligation to place all the facts *before his employer,* supporting them by medical corroboration, and under the circumstances, we feel that he demonstrated a lack of diligence and a lack of interest in preserving his employment relationship with the company". (Italics added.) Claimant's uncontradicted testimony as to what he said to his foreman and the latter's reaction to it, when he was offered the paint spraying job, was as follows: "I said that job would be detrimental to my health. The foreman showed no interest in my condition. I told him it would be detrimental . . I never done anything like that. He said I guess I will have to lay you off". Claimant offered to take other employment but was informed that none was available and claimant was laid off by his foreman on June 17, 1949, following the above discussion. The foreman was not called as a witness. Notwithstanding the attitude of the foreman in not inviting a discussion as to the effect of paint on claimant's health the Board would deny benefits to claimant regardless of an actual disabling allergy because he did not support his statement to his foreman by medical corroboration.

If in fact the paint used by claimant's employer for spraying was not deleterious to one allergic to house paint and claimant had been so informed, he then would have been duty bound to demonstrate his allergy to the spray paint before refusing the proffered job. But under the circumstances claimant was justified

42

in refusing as unsuitable, work which on the basis of his past experience, he had reasonable apprehension to believe he could not perform without serious injury to himself. Cf. *Suska Unemployment Compensation Case*, 166 Pa. Superior Ct. 293, 70 A. 2d 397.

The order is reversed and the proceeding is remitted to the Board for the entry of an appropriate award.