Smith Unemployment Compensation Case.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Anna Marian Smith*, appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ERVIN, J., July 17, 1956:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review af-

firming the decision of the referee disallowing benefits on the ground that claimant had voluntarily left her employment without good cause within the meaning of §402(b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802(b).

Claimant was employed as an operator on a single needle sewing machine by Freece Larson, Inc., Norristown, Pennsylvania. She had been so employed for only 19½ hours. On her last day of employment, April 20, 1955, a bundle of sleeves she had worked on the previous day was returned to her for correction. She was requested to complete the work properly but refused to do so. Claimant testified at the hearing before the referee as follows: ". . . I wasn't going to do over the work that I had done the day before. Q. Why not? A. Because it would cut my time out. I said if he would give me another time on it, I would go over it otherwise I wouldn't." Claimant was then given the choice of doing the work over and making the corrections as directed or leaving the job. She elected to leave her employment rather than correct her faulty work for which she would not receive any additional compensation.

To constitute good cause for the termination of employment by an employe, claimant's conduct must meet the standards of common sense and prudence. *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405. And the circumstances compelling the decision to leave employment must be "real not imaginary, substantial not trifling, reasonable not whimsical. . . ." *Sturdevant Unemployment Compention Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898.

Claimant has clearly failed to sustain the burden of showing good cause. She admittedly left her employment rather than comply with the employer's re-

quest to correct the faulty work she had done on the previous day. Her arbitrary and capricious refusal to follow the reasonable directions of her employer and repair the errors in her work, in accordance with a customary procedure in the employer's business, clearly demonstrates a lack of good faith on the part of claimant who had been employed less than 20 hours. Good cause exists only when it has its basis in good faith. *Allen Unemployment Compensation Case*, 174 Pa. Superior Ct. 514, 102 A. 2d 195. There was no reasonable justification or necessitous circumstance for leaving her employment. Cf. *Carpenter Unemployment Compensation Case*, 178 Pa. Supérior Ct. 639, 115 A. 2d 901.

Decision affirmed.