138

Johnson Unemployment Compensation Case.

Argued March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Sheldon Tabb*, with him *Edward Davis*, for appellant.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General for appellee.

OPINION BY CARR, J., October 6, 1956:

This appeal from an order of the Unemployment Compensation Board denying a claim for unemployment benefits presents the question whether the record supports the findings and conclusions of the board that the claimant voluntarily left his employment without cause of a necessitous and compelling nature.[1]

As stated in the record the findings of the bureau and the referee which were adopted by the board are as follows:

"1.  The claimant was last employed as a sandblaster by the Nu-Grain Corporation of America on Easton Road in Warrington, Pa., for just one day, July 18th, 1955, and he earned a total of $11.20.

2.  The claimant had previously worked as a sandblaster at the Midvale Steel Plant, where he worked on steel, but with the job at the Nu-Grain plant, he worked as a sandblaster on wood. The claimant was given a helmet for his protection, but after working just the one day, the claimant never reported back to work. He did not ask for a transfer to some other type of work, nor did he complain about the type of work he was doing. He did not inform his supervisor that the job was injurious to his health nor aggravating his sinus condition. The claimant went back several days later for the purpose of picking up his wages, but never reported back to the personnel office in an effort to be transferred to some other type of work."

---

[1] By Act of March 30, 1955, P. L. 6, No. 5, sec. 5, section 402(b) was amended by substituting the words "without cause of a necessitous and compelling nature" for the words "without good cause." This is in accord with our decisions. See *Hamilton Unemployment Compensation Case*, 181 Pa. Superior Ct. 113, 124 A. 2d 681; *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898.

To these findings the referee appended the following comments under the heading "Reasoning", which the board also adopted as its own:

"The Bureau ruled that the claimant had voluntarily left his job without good cause, within the meaning of Section 402 (b) of the Law, and after carefully reviewing all the evidence before him, the Referee is compelled to agree with this determination.

The record clearly shows that the claimant had been an experienced sandblaster, but had previously blasted steel, and in his job with the Nu-Grain, he was blasting wood. He felt that the job was injuring his health, but he made no complaint about the work to his supervisor, nor did he ask for a transfer to some other job. He did not seek medical attention, just never returned to work. Therefore, it must be ruled that he left his job without good cause, within the meaning of the above section of the Law."

The employer did not contest the claim and the only witness heard by the compensation authorities was the claimant himself. He testified that during his employment by Midvale he had been employed in sandblasting metal ammunition shells by means of a closed automatic machine from which no dust or fumes could escape, but that when Midvale shut down and he started work for Nu-Grain he was put to sandblasting on old wood furniture in a small room the air of which became so permeated with dust from the wood and varnish that he could scarcely breathe. He contends that in consequence of this and of a sinus condition from which he suffered he was taken ill and obliged to give up the work after one day. He submitted to the referee a certificate of Dr. Pinckney of Willow Grove that he had a history of allergy to dust and had been advised to avoid contact with it as far as possible.

The burden of establishing cause of a necessitous and compelling nature for leaving his employment was upon the claimant, and section 510 of The Unemployment Compensation Law, 43 PS §830, confines our review to questions of law. We cannot disturb findings of fact of the board based on sufficient competent evidence, nor can we substitute our own even if our reading of the testimony might have brought us to a different conclusion. *Smith Unemployment Compensation Case,* 181 Pa. Superior Ct. 179, 124 A. 2d 376; *Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A. 2d 666; *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380; *Ambridge Savings & Loan Association v. Unemployment Compensation Board of Review,* 181 Pa. Superior Ct. 515, 124 A. 2d 513. The compensation authorities have an opportunity not accorded us to observe the demeanor and appearance of the witness which in many instances are the only means of determining credibility.

The board's findings and the record clearly indicate that the claimant did not meet the burden of proof that was on him. He had worked at the Midvale Steel Plant and was laid off on May 20, 1955 when the plant closed. Upon being referred to the Nu-Grain Corporation he worked for just one day. He made no complaint to anyone about the dust being detrimental to his health. If dust was injurious to his health he had an opportunity to so state before starting work or at any time during the day. He testified that he was in bed for two days because of his sinus condition, but he did not seek medical assistance nor did he tell his employer of this fact even when he went back to collect his wages. It was not until August 1, 1955 that he made known his contention that he could not do this kind of work

because of his health. He presented a doctor's certificate dated August 29, 1955 which stated that he had a history of allergy to dust, but the doctor making the certificate further stated that he was last treated on February 9, 1953.

Under the circumstances of this case we cannot say that as a matter of law there was not sufficient competent evidence to support the findings of the board.

The decision is affirmed.

WRIGHT, J., concurs in the result.