## Wojciechowski Unemployment Compensation Case.

ing.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James Fitzcharles, III,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal from a decision of the Unemployment Compensation Board of Review that disallowed compensation on the ground that the claimant did not have "good cause" for refusing the offer of work and

was disqualified from receiving benefits under the provisions of Section 402 (a) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, 43 PS §802(a).

The claimant, Mary Wojciechowski, was last employed as a toy assembler by American Metal Specialties, Pendel, Pennsylvania, on November 16, 1956. On March 26, 1956 she was given a referral for employment as an assembler at the Kemline Manufacturing Company, Edgely, Pennsylvania. She was interviewed for the work by her prospective employer and advised to report for work on April 1, 1957. She failed to report.

Her testimony discloses that although she was offered a job as an assembler, the prospective employer had indicated to her that if there were insufficient assembly work she would be put on a riveting machine, with which she had no prior experience. She further testified that another reason for her failure to accept the job was the problem of transportation. "There is bus service but not for my convenience", was her testimony. She also said that the job was not steady and "I would have been laid off and have to go through the same nonsense I am going through now". As still another reason and this was submitted after the referee's decision, that her physician advised her against working "around any type of power driven machine".

It is the function of the Board of Review to pass upon the credibility of witnesses and to draw inferences therefrom: *Tronieri Unemployment Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426 (1949). The facts as found by the board that she was offered employment as an assembler and did not report for work on April 1, 1957 because she did not think she was capable of operating machines is supported by competent testimony and binding on this

Court: *Antinopoulas Unemployment Compensation Case,* 185 Pa. Superior Ct. 76, 137 A. 2d 921 (1958).

The board concluded that she had failed to accept suitable work and that her reason was without merit as she did not give the job a fair trial and so did not establish good cause for refusing suitable employment. We agree with the board. The principal objective of unemployment compensation legislation is to alleviate economic distress in individual cases, and sound policy requires that a claimant, who refuses employment, may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work: *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397 (1950).

An examination of this record does not disclose such a necessitous and compelling reason for the refusal of the proffered work. There can be no "good cause" which does not rest on "good faith". When used in this context "good faith embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting." *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260 (1946). See also, *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400 (1948) and *Vernon Unemployment Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383 (1949).

A claimant who seeks benefits must at all times be ready and willing to accept suitable employment from the employment office, or from any employer, and must have substantive and reasonable grounds for refusing offered work: *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 110 A. 2d 843 (1955); *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 115 A. 2d 772 (1955).

Claimant hereby failing to report for work and so discover for herself whether the work would be assembly work, which admittedly she could do, or whether or not she could have operated the riveting machine, if the assembly work were not available, did not show the genuine desire to work and be self supporting so as to meet the requirements of the definition of "good faith" and "good cause" as required by the law. As was said by this Court in *Brilhart Unemployment Compensation Case,* supra, at page 570, "Discerning administrators of unemployment compensation have already discovered that unless claims are critically examined and unconscionable requisitions upon the fund firmly rejected public opinion will not support the law."

The decision of the Unemployment Compensation Board of Review is affirmed.