Wetzel Unemployment Compensation Case.

Argued June 17, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Anthon Wetzel,* appellant, in propria persona, sub-
mitted a brief.

*Sydney Reuben,* Assistant Attorney General, with
him *Anne X. Alpern,* Attorney General, for Unemploy-
ment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., September 16, 1960:

The Bureau of Employment Security found the ap-
pellant ineligible to receive benefits under the provi-
sions of sections 402(a) and 401(d) of the Unemploy-
ment Compensation Law. This decision was modified
by the referee, and affirmed as modified by the board.

A résumé of the facts states that Anthon Wetzel
was last employed by the Bethlehem Steel Company,
as a floor hand at $2.92 per hour. His last day of em-
ployment was September 19, 1958.

After 15 months of unemployment he was offered
a job with the Hellertown Motors, as a garage me-
chanic at $1.50 or higher, depending upon his experi-
ence.

The appellant refused to accept the referral because
he did not desire the job. He stated that he was wait-
ing to be recalled by Bethlehem Steel Company. Ap-

pellant had sufficient experience for this type of work and was offered the prevailing wage rate.

The record discloses that he was receiving, in addition to his unemployment benefits, the amount of $31.00 a week from Bethlehem Steel Company.

We find that the record fully supports the findings of fact made by the board. It is the prerogative of the board to pass upon the evidence and to draw reasonable inferences. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271; *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

The basic and fundamental principle of unemployment compensation is to aid those who find themselves in economic distress. The policy as set forth in the decisions of our Court requires that a claimant who refuses employment may remain eligible only where there is some necessitous and compelling reason for the refusal to work. In the case before us the claimant received an offer of suitable employment which he rejected without showing any reason for his refusal.

Did the claimant have good cause for refusing the job referral made by the bureau? Good cause must rest on good faith and good faith must disclose conduct which is consistent with a genuine desire to work. *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400; *Bentz Unemployment Compensation Case,* 190 Pa. Superior Ct. 582, 155 A. 2d 461.

The appellant in the instant case refused the work offered for two reasons: (1) He was no longer interested in working in a garage, and (2) he would get more money by remaining unemployed and receiving $66.00 a week, a combined total from two sources.

The following testimony is from the record: "Q. You have been receiving unemployment compensation from

this office—correct? A. Yes. Q. And that was $35 a week? A. That's right. Q. Did you have any other income? A. I got SUB from the steel. Q. Yes. A. That's $31 a week, and here they offer me a job for $50 and I would have to have my car running up and down, and the overhead and income taxes, why I wouldn't have anything left. I would be foolish to go into anything like that."

Claimant's attitude and his own testimony renders him ineligible for compensation benefits. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457.

The decision of the board is affirmed.