## Zitkovich Unemployment Compensation Case.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Ann Zitkovich,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., December 14, 1960:

In this unemployment compensation case, the Bureau of Security, the referee and the board have all ruled that Ann Zitkovich, appellant, was ineligible to receive benefits under the provisions of section 402(b) of the Unemployment Compensation Law, 43 P.S. section 802(b).

Appellant was last employed as an assembler by the River Raisin Paper Company, Washington, Pennsylvania, and her last day of work was July 28, 1959. Because of a slack in business, appellant was "bumped" from her regular job on the first shift by another employe by reason of seniority contained in the union-management agreement. However, she was offered temporary employment on the second shift until her regular job again became available. Appellant refused to accept the job transfer, did not notify the employer

of her decision, and never reported for work on the second shift, and her employment was terminated. She later contended that the reason she failed to accept the job transfer was because the work would be harmful to her health, but the board found that the work offered was less arduous than the work she had performed. She offered no medical certificate or other evidence to support her contention and the board concluded that she had voluntarily terminated her employment without cause of a necessitous and compelling nature.

A review of this record clearly discloses that the claimant here had no good cause for refusing the job offered by her employer. Good cause must rest on good faith and good faith must disclose conduct which is consistent with a genuine desire to work. *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400; *Bentz Unemployment Compensation Case,* 190 Pa. Superior Ct. 582, 155 A. 2d 461. The basic and fundamental principle of unemployment compensation is to aid those who find themselves in economic distress. The policy as set forth in the decisions of our Court requires that a claimant who refuses employment may remain eligible only where there is some necessitous and compelling reason for the refusal to work. *Wetzel Unemployment Compensation Case,* 193 Pa. Superior Ct. 85, 163 A. 2d 719. A change in shifts, therefore, cannot be considered as a cause of a necessitous and compelling nature to qualify one for unemployment compensation benefits when work is available and where such work was specifically offered by the employer.

See *Spotts Unemployment Compensation Case,* 176 Pa. Superior Ct. 484, 489, 109 A. 2d 212.

The decision of the board is affirmed.