Vogel Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alan N. Bloch,* with him *Wirtzman, Sikov and Love,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

The claimant was employed for a period of fourteen and one-half years doing circulation work for the Pittsburgh Sun-Telegraph, at a salary of $80 per week. On April 24, 1960, she was separated because the employer was going out of business. The claimant then sought and obtained employment with the Pittsburgh Post-Gazette, her former employer's successor in interest,

doing circulation work at $80 per week. This employment continued until May 16, 1960, at which time the claimant was offered further employment at a reduced salary of $67 per week for a longer work week and on a swing shift basis. The claimant notified the employer that she would accept the offer of further employment, but was then advised that the offered position was that of a typist. The claimant declined the offered employment because she was unable to type and had no experience as a typist.

The claimant applied for unemployment compensation, but her claim was disapproved by the Bureau of Employment Security on the grounds that she refused available work without a compelling or necessitous reason. The referee reversed the decision of the bureau on the grounds that the work offered was not suitable. Upon appeal the Board of Review reversed the referee and denied the claim under the provisions of section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. 802(b)(1).

From our review of the record we find a disregard of competent evidence by the Board of Review. It is clear that the work offered the claimant by her employer was not suitable within the meaning of the law. "Suitable work" is defined by the Unemployment Compensation Law, section 4(t), 43 P.S. 753(t), as ". . . all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider . . . prior training and experience, . . ."

The uncontradicted testimony made it apparent that the claimant was not capable of performing the work of a typist due to her lack of training and experience for such work. This claimant did not leave her employment voluntarily. The employer terminated her employment and offered an unsuitable new job. She was at all times ready and willing to accept suitable

employment, even at a lower pay rate. A claimant is justified by "good cause" in refusing employment when, in good faith, the said claimant refuses work of a kind which actual experience has proven to be unsuitable. *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A. 2d 259.

Here, the obvious deficiency in training and ability for performing work as a typist justified the claimant in declining the proffered employment and therefore, her refusal did not render her ineligible for benefits under the Unemployment Compensation Law.

The decision of the Unemployment Compensation Board of Review is reversed and the record remanded for further hearing, consideration and decision not inconsistent with this opinion.