## Mogan Unemployment Compensation Case.

Argued November 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*M. E. Popiel*, with him *Cohen & Popiel*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 12, 1962:

In this unemployment compensation case the bureau, referee and board all determined that the appellant had voluntarily retired without a compelling and necessitous reason and was therefore disqualified from receiving benefits under §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

The appellant, who was 67 years of age, was last employed as a crane operator by A. M. Byers Company, Pittsburgh, Pennsylvania. His last day of work was February 24, 1961. On that date the appellant voluntarily terminated his employment because he felt that he was physically unable to perform his regular duties. He received a special retirement allowance equivalent to 13 weeks' pay, in accordance with the labor-management agreement. He asked for lighter work but was advised that none was available for him. He could have continued to work as a crane operator had he not voluntarily retired. He presented a doctor's certificate showing that he had consulted the doctor on March 18, 1961, which was after the date of his retirement, and that he had no illness and that there were no restrictions on his physical ability to work. Having voluntarily terminated his employment, the burden was upon him to show cause of a necessitous and compelling

nature for so doing: *Johnson Unemployment Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458. The board found that he had failed to meet this burden. There is adequate testimony to support this finding. The board's finding is binding upon us.

Decision affirmed.