Kline Unemployment Compensation Case.

Argued December 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Wm. Vincent Mullin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., March 19, 1963:

The Unemployment Compensation Board held that the claimant was ineligible for compensation under §402(a) of the Unemployment Compensation Act, 43 PS §802(a) because she had refused suitable work. In

its opinion the board said: "In the instant case, the claimant's unilateral determination that she lacked the qualifications to satisfactorily perform the work of the prospective employer is not commensurate with the dictates of good faith. In addition, a claimant may not refuse a referral to suitable employment due to domestic circumstances or obligations . . . Accordingly, she must be disqualified from receiving benefits under the provisions of Section 402(a) of the Law. Furthermore, since the claimant limits her availability for employment to a certain time period, she is not fully attached to the labor market or able and available for work as required by the Law. Accordingly, she must be denied eligibility for benefits under the provisions of Section 401(d) of the Law."

In her signed statement to the bureau at her interview following the job referral the claimant said, inter alia: ". . . it is not in the line of my work as I have always worked on cashmere . . ." It appears from the record that she was a burler and her experience in this line was "removing loose threads or material [cashmere]". The requirements of the job to which she was referred, as appears in the record of the bureau, were "to remove Burrs from cotton, rayon & nylon tapestry cloth—use knit clips."

Lack of good faith in refusing a job offer does not necessarily mean fraud, but includes conduct which is inconsistent with a genuine desire to work and to be self-supporting. Where actual experience has shown that the claimant cannot do the job offered, the board may accept the refusal in good faith even though the claimant refuses to try the same job again. *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A. 2d 259 (1946). But when the job offered is reasonably similar to the claimant's former job, with which she presumably had no difficulty, a refusal of

the job offer without a trial because it is "not in the line of [her] work" may properly be taken by the board to indicate lack of good faith as that phrase is used in this connection. Whether such lack of good faith exists is usually a question of fact for the board's determination and when there is adequate evidence to support its determination we cannot reverse it. Thus, in *Wojciechowski Unemployment Compensation Case,* 186 Pa. Superior Ct. 362, 142 A. 2d 756 (1958), we sustained the board's finding of lack of good faith in the refusal of a female toy assembler to accept another assembling job, because she was told that if there were insufficient assembly work she would be put on a riveting machine, as to which she had no experience.

Under the evidence here, we must affirm the board's decision that the claimant did not meet the good faith requirement when she refused the job because, without a trial, she decided that she lacked the qualifications. In view of this we need not consider the additional reasons given by the board for its conclusion.

. Decision affirmed.