Gary L. Bicer, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Argued June 9, 1977, before Judges WILKINSON,
JR., MENCER and ROGERS, sitting as a panel of three.
Judge KRAMER did not participate in this decision.

*Paul A. Prince,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Mencer, September 8, 1977:

Gary L. Bicer, an unemployed machinist, was denied further unemployment compensation benefits when he refused an offer of employment as a "machinist/die maker."[1] His proffered justifications that the rate of pay was too low and that the work was not suitable were accepted neither by the referee nor by the Unemployment Compensation Board of Review (Board). Raising the same contentions, Bicer timely

---

[1] Bicer was determined to be ineligible under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, . . . to apply for suitable work at such time and in such manner as the department may prescribe. . . .

appealed[2] the Board's order affirming the referee's denial of benefits to this Court. We affirm.

We conclude that the rate of pay of the offered employment was not such as to justify the refusal of that employment. The record demonstrates that the offered position paid $4.82 an hour for the first 30 days and $4.97 thereafter, that Bicer had previously earned $5 an hour, and that he had been unemployed for at least 5 months. We have held that, following a 3½-month period of unemployment, a claimant's particularity for desired employment must decrease to the point of accepting substantially less remuneration; viz., $550 per month, as opposed to $704 per month. *Donnelly v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 39, 330 A.2d 544 (1975); cf. *Valentine Unemployment Compensation Case*, 197 Pa. Superior Ct. 574, 180 A.2d 85 (1962) (lack of good faith in refusing employment at $50 and $60 a week, as compared to previous $100-a-week salary, after more than 4 months of unemployment). Accordingly, we now hold that Bicer has not carried his burden of proving his right to benefits, *Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977); *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973), on the ground of disparity in remuneration.

Furthermore, we hold that Bicer has not demonstrated that the offered employment was not suitable. The record indicates[3] that the position in question re-

---

[2] See *Sharpe v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 271, 368 A.2d 1344 (1977).

[3] The record in this case does not include the records of the Bureau of Employment Security because they were not introduced into evidence at the hearing before the referee. See *Lotz v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct.

quired toolmaking and diemaking. Toolmaking apparently included setting up and operating various machine tools, while diemaking included blueprint reading and trigonometric capability. Bicer admitted having made some tools in the past. As a machinist, he also ran lathes and milling machines and made parts for machines. Moreover, while Bicer stated that he had a little advanced trigonometry in school but that he was never any good at it, he admitted telling the employer's representative that he thought he could learn the diemaking responsibilities.

In *Kline Unemployment Compensation Case*, 200 Pa. Superior Ct. 328, 188 A.2d 858 (1963), the court concluded that a claimant who had worked as a burler removing loose threads or material from cashmere could not refuse employment removing burrs from cotton, rayon, and nylon tapestry and remain eligible for benefits. The court, noting especially the claimant's refusal of the employment without a trial, stated:

> Lack of good faith in refusing a job offer does not necessarily mean fraud, but includes conduct which is inconsistent with a genuine desire to work and to be self-supporting. Where actual experience has shown that the claimant cannot do the job offered, the board may accept the refusal in good faith even though the claimant refuses to try the same job again. Pusey Unemployment Compensation Case, 159 Pa. Superior Ct. 571, 49 A.2d 259 (1946). But when the job offered is reasonably similar to the claimant's former job, with which she presumably had no difficulty, a refusal of the job offer with-

---

239, 375 A.2d 899 (1977). Moreover, testimony taken directly from such records is hearsay and cannot support findings of fact without competent corroboration even though it has been admitted without objection. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

out a trial because it is 'not in the line of [her] work' may properly be taken by the board to indicate lack of good faith as that phrase is used in this connection.

200 Pa. Superior Ct. at 329-30, 188 A.2d at 859.

We believe that the job Bicer previously held was reasonably similar to the employment offered and refused without a trial; consequently, we conclude that *Kline* controls this case. *See also Veneski, supra.*

### ORDER

AND Now, this 8th day of September, 1977, the order of the Unemployment Compensation Board of Review in the above captioned case is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.