Therese Dott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges MEN-
CER, DISALLE and MACPHAIL, sitting as a panel of
three.

*Therese E. Dott,* petitioner, for herself.

*John T. Kupchinsky,* Assistant Attorney General,
with him *Richard Wagner,* Chief Counsel, Assistant
Attorney General, and *Edward G. Biester, Jr.,* Attor-
ney General, for respondent.

OPINION BY JUDGE MENCER, November 8, 1979:

This is an appeal from the denial of unemployment
compensation benefits.

Therese Dott (claimant), a registered nurse, was
last employed as a staff nurse at the Centerville Clin-
ic, on the day shift, at $5.73 per hour. She was laid off

on July 16, 1977. In September 1977, she independently inquired at the Washington County Home for the Aged (Home) regarding employment and was advised that positions as staff nurse, involving primarily custodial duties, were available at $4.49 per hour on either the evening or night shift. She did not apply. On November 25, 1977, she was contacted by the Office of Employment Security (Office) regarding employment opportunities for a registered nurse at the Home, at $4.94 per hour, on rotating shifts. She declined to pursue an interview, explaining that she had inquired previously and found the proffered work unacceptable. Thereafter, claimant was determined to be ineligible for unemployment compensation benefits under Section 402(a) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a), for failure to apply for suitable work without good cause. Claimant appealed. We affirm.

Claimant argues that she was justified in refusing the referral because she received advanced training and experience at the Centerville Clinic which would not be utilized at the Home. The fact is, however, that she is a registered nurse who admittedly is trained for and capable of performing the duties of a staff nurse at the Home. Therefore, there was no error in determining that the proffered work was suitable and reasonable. *See Franklin & Lindsey, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 59, 396 A.2d 497 (1979); *Lynch v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 159, 384 A.2d 1379 (1978).

She also argues that she was justified because the wages were not competitive and were significantly lower than her former wages and the shifts were unsatisfactory. It is well established that a claimant's particularity for desired employment must decrease

as the length of unemployment increases, to the point of accepting substantially less remuneration. Where, as here, claimant has offered no competent evidence that the wages were not competitive and where she has been unemployed for 18 weeks, a reduction in wages of approximately 14 percent does not render suitable work unsuitable or justify her refusal. *See Barillaro v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978); *Liebrum v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 401, 379 A.2d 664 (1977). As to the unsatisfactory hours, we need only say that claimant may not decide whether work is suitable simply because it is not to her liking. *See Lynch v. Unemployment Compensation Board of Review, supra* at 162, 384 A.2d at 1381.

Claimant contends that she refused the referral with good cause since she had previously inquired about work at the Home and had found it unacceptable. This argument is without merit since it was found that the work was suitable and since she failed to investigate further despite the Office's information that the position differed from that which she had previously learned was available. *See Hassey Unemployment Compensation Case*, 162 Pa. Superior Ct. 14, 56 A.2d 400 (1948).

Likewise without merit is claimant's contention that she justifiably declined to pursue the referral because the Office's representative who contacted her indicated that she did not need to and thereby misled her. She testified that, after explaining her position, the Office representative said, "Fine, I'll keep your name on the job service list." Even if true, this does not excuse her failure to respond to the referral, since claimant acknowledged that she had read and understood the Office's information pamphlet explaining her responsibilities under the law.

For the foregoing reasons, we enter the following

ORDER

AND Now, this 8th day of November, 1979, the order of the Unemployment Compensation Board of Review, dated March 16, 1978, disallowing the appeal of Therese Dott from the denial of benefits, is affirmed.