Sem-Pak Corporation, t/a S. E. Meyer Packaging, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1985, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Jeffrey Keiter*, for petitioner.

*Donna Marie B. Stanek*, Associate Counsel, with her, *Michael D. Alsher*, Associate Counsel, and *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, November 25, 1985:

Sem-Pak Corporation, trading as S. E. Meyer Packaging (Sem-Pak), appeals here the decision and order of the Unemployment Compensation Board of Review which reversed the referee's determination and allowed Claimant, Dennis Walmer, unemployment compensation benefits.

Claimant, previously discharged on April 7, 1983 by Sem-Pak from his position as pressman for alleged substandard performance, was receiving unemploy-

ment compensation when Sem-Pak on June 23, 1983 offered Claimant a position as a pressman's helper. Claimant refused the offer asserting health reasons for his refusal. The referee found that, at the time the offer was made to Claimant, Sem-Pak was aware of Claimant's limitations and was willing to provide assistance to the Claimant so that he could perform the duties as a pressman's helper, and that Claimant did not have another offer of employment at the time he refused Sem-Pak's offer. The referee concluded that Claimant refused an offer of suitable work without good cause rendering Claimant ineligible to receive benefits pursuant to Section 402(a) of the Pennsylvania Unemployment Compensation Law.[1]

On appeal to the Board, the Board took notice of its prior decision on the issue of Claimant's involuntary separation from Sem-Pak for alleged substandard performance in which the Board declared Claimant eligible to receive benefits. In its decision, on the job refusal issue, the Board stated that the employer knew that Claimant was physically unable to perform the job offered him, suggesting to the Board that the offer was not made in good faith. Concluding that the work was not suitable for the Claimant, the Board reversed the referee and granted benefits. This appeal followed.

Sem-Pak argues on appeal that the Board failed to comply with the procedural standards established by the Pennsylvania Supreme Court in *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982) because the Board failed to state its reasons for disregarding or overturning certain essential findings of fact made by the referee. The Board also failed to comply with *Treon*, Sem-Pak ar-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

gues, when it disregarded certain of the referee's findings "in order to find only those facts which it believed were essential to support its conclusions." Lastly, Sem-Pak argues that the Board's findings are not supported by substantial evidence and that the Board erred, as a matter of law, in concluding that Sem-Pak's job offer was not made in good faith and that the employment offered was not suitable giving Claimant good cause under Section 402(a) of the Law to refuse the offer.

We will first address Sem-Pak's *Treon* argument. The Supreme Court in *Treon* was troubled by the Board's capricious disregard of the overwhelming uncontradicted evidence in support of a contrary result in favor of the Claimant. Therefore, the Court held that the Board may not disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reason for doing so. 499 Pa. at 461, 453 A.2d at 962. While Sem-Pak states that the Board in this case disregarded certain essential findings of fact made by the referee, Sem-Pak does not specify the essential findings made by the referee which, in its view, would dictate a different result in the instant case. When we compared the two decisions we discovered that the two findings of the referee not adopted by the Board, that Claimant's physicians had imposed a weight-lifting restriction on Claimant and that, while Sem-Pak was aware of Claimant's restrictions, Sem-Pak was willing to offer Claimant assistance in performing the job, do not bolster Sem-Pak's position; to the contrary, these findings no doubt suggested to the Board that a different result might be required in this case. We dismiss Sem-Pak's argument based on *Treon* as being without merit.

Findings of fact made by the Board are conclusive on appeal provided the record, taken as a whole, con-

tains substantial evidence to support those findings. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). That the record supports the Board's findings cannot be doubted in light of the referee's findings which are supportive of an allowance of benefits despite the fact they precede an order denying benefits.

We turn finally to Sem-Pak's assertion that the Board erred as a matter of law in concluding that Claimant had good cause to refuse Sem-Pak's job offer.

Section 402(a) of the Law provides:

An employee shall be ineligible for compensation for any week—

(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer. ...

43 P.S. §802(a).

The terms "suitable work" and "good cause" are separate and distinct concepts which must be considered individually when determining a claimant's eligibility for unemployment compensation under Section 402(a) of the Law. *Lynch v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 159, 384 A.2d 1379 (1978). "Suitable work" is defined in Section 4(t) of the Law as being:

[A]ll work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his resi-

dence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, and the permanency of his residence.

Work is suitable only if the claimant is capable of performing it. *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A.2d 259 (1946). In *Pusey,* the claimant was offered a job at her former place of employment as a piece worker. The claimant was aware from past experience that piece work aggravated an ongoing medical problem, St. Vitus' Dance, a nervous disorder. The Superior Court held that the job offer was for unsuitable work. In *Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A.2d 666 (1950), the claimant was offered employment as a paint sprayer but the claimant was advised by his physician not to accept the work as the claimant was allergic to chemicals contained in the paint. Again, the Superior Court found the job was unsuitable.

In the instant case, the facts as found by the Board, that the employer knew that Claimant was physically unable to perform the duties of a pressman's helper, and the testimony of record supportive thereof, bolster the Board's conclusion that the pressman's helper position was unsuitable for the Claimant.

We note that "good cause" under Section 402(a) of the Law has been interpreted to be synonymous with "good faith" requiring positive conduct which is consistent with a genuine desire to work and to be self-supporting. *Rosenberger v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977). The reasons for refusing

168

to accept the position must be substantial and reasonable, rather than arbitrary, whimsical, capricious or immaterial. *Lynch.* Physical inability to perform a job constitutes substantial reason to refuse an offer of same.

We hold that Claimant refused an offer of unsuitable work with good cause as required under the Law. Accordingly, we will enter an order affirming the Board.

ORDER

AND Now, this 25th day of November, 1985, the order of the Unemployment Compensation Board of Review, No. B-224069 dated November 7, 1983, is hereby affirmed.