## Porter Unemployment Compensation Case.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John McCrea,* with him *McCrea & McCrea,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., March 21, 1962:

In this unemployment compensation case the bureau found the claimant to be ineligible for benefits under

§402(a) of the law on the ground that she had failed to accept an offer of suitable employment without good cause. The referee affirmed the bureau's disqualification of the claimant under the provisions of §402(a) and also found the claimant ineligible under the provisions of §401(d) of the law on the ground that she was not realistically attached to the labor market. The board affirmed the decision of the referee.

The claimant was last employed as a clerk at $1.00 per hour on a part-time basis by Porter's Furniture Store in Shippensburg, Pennsylvania. Her last day of work was March 4, 1960, at which time she was laid off because of lack of work. On May 17, 1960 the claimant was referred to a possible job opportunity as a telephone solicitor with Olan Mills, Shippensburg, Pennsylvania, at $1.00 per hour, 9:00 a.m. to 5:00 p.m. or 5:00 p.m. to 9:00 p.m., for two or three weeks' duration. The claimant discussed the employment opportunity with the prospective employer and refused to take the proffered employment because she did not wish to accept night work and also did not wish to leave her 13-year old son at home alone. During her employment with her last employer for 14 months she had made arrangements for the care of her son.

The attorney for the claimant made much of the fact that claimant was not properly referred by the bureau to the prospective employer. It is an admitted fact, however, that she discussed the proffered employment with the prospective employer and refused the employment for the reasons above given. The method employed to inform her of the proffered employment was immaterial. The important thing is that the offer was made. Under §402(a) the important issue is whether the claimant had good cause for refusing the job referral. She was able to have someone look after her son during her former employment and she admitted that she could make such an arrangement again but

did not want to do so unless the employment were permanent. This, in our judgment, did not constitute good cause for refusing the referral and constituted sufficient grounds for refusing benefits. It is, therefore, unnecessary to consider the second reason relied upon by the board to justify refusal of benefits, to wit: §401(d).

Decision affirmed.