Bethlehem Steel Corporation, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 13, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*William H. Wood,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 18, 1973:

The facts and the law in this case are, in their controlling features, substantially like those in *United States Steel Corporation v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A. 2d 94 (1973). filed herewith. Here, as there, the claimant had been denied benefits by the Bureau and the referee, but was awarded benefits by the Board of Review. The employer has appealed.

Claimant had worked for this employer as a fully qualified pattern maker since 1953. To qualify for this craft, he had taken 8,000 hours of instruction and had satisfactorily completed an International Correspon-

dence School course. He had purchased some $300.00 worth of tools which were needed for his craft.

On September 10, 1971, claimant was separated from his employment due to lack of work. After being in a claim-filing status since September 10, 1971, he was offered a position on January 26, 1972, in his old pattern shop as a hand trucker. The testimony shows clearly that the hand trucker's duties were best described as those of janitor, including cleaning the lavatory. Claimant declined to accept the offered position. His hourly wage as a pattern maker was $5.01 per hour, and the offered job paid $3.56. However, under the union contract, claimant would have been paid 85% of his average base year wage. He returned to work as a pattern maker on February 7, 1972.

Here, as in *United States Steel Corporation, supra,* we have a skilled craftsman being offered a job requiring substantially less skill and offering less pay. The Board of Review has found as a fact that he was available for suitable work. The Board has found as a fact that claimant declined the position offered because he considered it demeaning and because he wished to work within the area of his prior training and experience.

As in *United States Steel Corporation, supra,* we are controlled by the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, Section 510, as amended, 43 P.S. §830, and the decision of our Supreme Court in *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A. 2d 174 (1967).

Two features of this case which are different from *United States Steel Corporation, supra,* require special comment. Here, the claimant had been unemployed four and one-half months when the offer of the janitorial position was rejected. This is approaching the limit of what might be considered appropriate to refuse to leave a craft. However, the fact that one week later,

he was reemployed in his craft might have been properly considered as mitigating by the Board.

The Board mentioned that the claimant considered the acceptance of the janitorial position as demeaning. If by this claimant meant that having spent four years as an apprentice to qualify as a pattern maker, it would be inappropriate to accept a position not using these skills, then the finding is appropriate. On the other hand, if claimant merely objected to the difference in "rank," then the finding is inappropriate. The controlling factor under *Shay* and under the statute is the fact that the available position does not use the skills that claimant acquired with such effort.

Accordingly, we enter the following

ORDER

Now, October 18, 1973, the order of the Unemployment Compensation Board of Review, dated October 18, 1972, reversing the decision of the referee and allowing benefits, is affirmed.