United States Steel Corporation, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James T. Carney,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 18, 1973:

This is an appeal[1] by the employer from the order of the Unemployment Compensation Board of Review which reversed the decision of the Bureau and the referee, each of which had determined claimant to be ineligible for benefits on the grounds that he refused suitable work.

The claimant was first employed as a laborer by this employer in 1949. After working as a bricklayer helper, he became a bricklayer apprentice in 1951. The apprenticeship program required a minimum of four years for completion, but claimant did not finish the program until 1957.

On September 18, 1971, claimant was notified that he was laid off from his bricklayer's job due to a reduction in force. On September 24, 1971, he was contacted by his former employer and offered a laborer's job. Claimant's wage rate as a bricklayer was $4.735 per hour, plus incentive, whereas the wage rate of the laborer position offered was $3.385 per hour, plus incentive. However, a union contract in force at the time required claimant to be paid for a given quarter a minimum of 85% of his average earning rate during the preceding four quarters. Claimant declined the position. On October 10, 1971, he was offered and ac-

---

[1] Appeals were taken to the referee from the decisions of the Bureau by four claimants. It was stipulated at the referee's hearing that the testimony in one claim would be considered as the testimony in all four claims. The cases have been treated as one since that time, including a stipulation in this Court that the issues and controlling facts are identical, and the disposition of one would be the disposition of all.

cepted a position as a hooker, being an employee who assists in attaching a hook from a crane to a bundle of material. The issue before us is claimant's eligibility for unemployment compensation during the weeks ending October 2 and October 9.

The Board of Review found as a fact that claimant refused to accept the offer of employment as a laborer because of the reduction in pay and because of his past training and experience. The Board also found as a fact that claimant was available for suitable work.

The issue presented to us for decision is whether the record supports the Board's finding that the laborer position offered or assigned to claimant was not "suitable work" as defined by Section 4(t) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §753(t). We find that it does.

The term "suitable work," is defined in Section 4(t) as follows: "(t) 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, *prior training and experience,* and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor

dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization." (Emphasis added.)

The application of the above definition to the facts of the instant case is not without difficulty. However, when it has been decided as a fact by the Board that the claimant was available for suitable work, such a finding is conclusive if supported by the evidence. Section 510, Unemployment Compensation Law, 43 P.S. §830. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

There is no doubt that there is abundant evidence to support the finding that the reason claimant declined the offer or assignment was because of the reduction in pay and because his past training and experience as a bricklayer would not be used in the work as laborer. Indeed, claimant having testified that his skills would not be used, it was stipulated that working as a laborer would not allow the claimant to preserve his skills!

The Supreme Court of Pennsylvania, in *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A. 2d 174 (1967), has ruled squarely that such facts support a finding by the Board that the laborer's job was not suitable work for a bricklayer, especially under these circumstances when he had only been off work as a bricklayer for a week when the job offer came. Prior to *Shay*, there had been a line of cases culminating in *Pusa Unemployment Compensation Case*, 178 Pa. Superior Ct. 348, 115 A. 2d 791 (1955), which held that

a bricklayer who was earning $2.07 per hour and declined a laborer's job at $1.635 per hour was ineligible for unemployment compensation. The reasons given in the *Pusa* case for declining the work were, as here, the difference in pay and non-use of skills.

The Supreme Court, in *Shay,* expressly overruled *Pusa.* While no hard and fast lines could be drawn, the court did state clearly that the claimant must have a reasonable time to seek employment which would use his skills before being required to accept a position that did not.

A word of caution might be appropriate. We are *not* holding that each individual who is unemployed or about to be laid off may decide for himself whether a position is "suitable" simply because the position offered is not to his liking. Here, we have a man who obtained a position which required an apprenticeship of a minimum of four years, and he has been offered a job as a laborer which will use none of these skills. He has had only one week to seek work as a bricklayer or similar work before the offer came. He testified that he would have accepted work as a bricklayer helper and later, in fact, accepted a job as a hooker.

Accordingly, we enter the following

ORDER

Now, October 18, 1973, the order of the Unemployment Compensation Board of Review, dated December 12, 1972, reversing the decision of the referee and allowing benefits, is affirmed.