Lucille Becote, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Louis S. Rulli*, with him *Philip H. Rush*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, filed May 5, 1975:

Lucille Becote, the claimant, was denied benefits under the Unemployment Compensation Law[1] for having voluntarily left her employment without cause of a compelling and necessitous nature. Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).

The referee assigned to hear evidence on the claimant's application for benefits found as follows:

"1. Claimant was last employed by P. H. Berman & Son, Inc., Howard & Palmer Sts., Philadelphia, Pa. 19122 for 28 years as a rag cutter at $2.00 an hour, and her last day of work was May 24, 1972.

"2. In 1970 A & B Wiper Supply, 116 Fountain St., Philadelphia, Pa. 19127 purchased P. H. Berman

---

1. The Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

& Son Inc., but continued to operate under the name of P. H. Berman & Son, Inc. at Howard & Palmer Streets.

"3. On May 24, 1972 a meeting was held with the employees of P. H. Berman & Son, Inc. and they were advised that the company was being closed but they were to contact their union to obtain their assignments at the employer's location at 116 Fountain Street.

"4. Claimant attended the meeting when the above instructions were given, but she failed to contact the union or the employer in an effort to remain employed.

"5. Continuing work was available for the claimant had she reported for work."

The referee then ruled that the claimant was disqualified from receiving benefits for having quit work without a necessitous and compelling reason. After first granting an additional hearing before the referee, the Unemployment Compensation Board of Review (Board) affirmed the referee and this appeal followed.

Our scope of review in unemployment compensation appeals is limited to questions of law and to a determination of whether the findings of the compensation authorities are supported by the evidence. *Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974).

We cannot agree with the employer's contention that the claimant quit her job voluntarily. If the employer's testimony is believed, as it apparently was by both the referee and the Board, the claimant was told that the employer was ceasing operations, that a new plant under a different name would open at a new location, and that employment at the new plant would be available through the union. The record also discloses that the employer did not expect work to be available at the new plant for at least two weeks. The claimant, therefore, would have been out of work through no fault of her own for at least

two weeks, and might reasonably have been anticipating some further unemployment thereafter.

Moreover, the circumstances were such that the claimant could not be legally presumed to have quit her job. Obviously, she cannot be held to have voluntarily terminated her employment relationship when it was the fact that her employer decided to go out of business which brought about her unemployment, at least initially. *Golubski Unemployment Compensation Case,* 171 Pa. Superior Ct. 634, 91 A.2d 315 (1952). If otherwise not disqualified, therefore, she would clearly be entitled to benefits.

The employer argues that the claimant failed to accept work when notified of its availability and that this action disqualifies her.[2] Nothing in the record, however, supports such a conclusion. The claimant testified that she did contact her union which she said instructed her to apply for unemployment compensation, and, even though the referee determined that she failed to contact either the employer or the union "in an effort to remain employed," there is no direct evidecne in the record which would indicate that she was not available and did not apply for work during the lay-off period. In addition, the claimant maintained throughout the proceedings that she never did receive the recall notice which the employer contended had been sent her to inform her of the availability of work. As to this, Board policy dictates that:

"With respect to offers of suitable work made directly by any employer the following rules shall apply:

. . . .

"(3) The offer to the employee shall be in writing and a carbon copy, or an exact duplicate, shall be furnished to the employment office within three days after the mailing of the offer." 34 Pa. Code §65.22(a).

---

2. Section 402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

No such writing was put in evidence, nor was any record of its receipt presented. It is true, of course, that where it is undisputed that such an offer was made, "benefits and objectives [of the Unemployment Compensation Law] shall not be frittered away by slavish adherence to [these] technical and artificial rules". *General Motors Corporation v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 537, 541, 322 A.2d 762, 764 (1974) ; *Porter Unemployment Compensation Case*, 197 Pa. Superior Ct. 337, 178 A.2d 788 (1962). Here, however, the claimant never admitted to having received an offer from the employer, not even at the meeting on May 24. Moreover, when the claimant asked the Board for permission to produce additional evidence on this issue, the Board granted a rehearing before the referee for, among other reasons, the purpose of obtaining the recall letter which the employer allegedly sent to the claimant. The employer, however, failed to appear at that hearing, much less to produce the letter which it had earlier testified to having sent to the claimant. Unlike the situation in *General Motors Corporation, supra,* and *Porter, supra,* where the fact of recall was admitted, adherence to the technical rules of the Board in this case *will* serve the legitimate purpose of establishing a means of proof by which the compensation authorities as well as the parties to the action may be bound. The employer not having met its burden of proof, as established by these rules, by evidence that an offer of employment was actually made by it to the claimant, benefits to the claimant must not be denied.

We issue, therefore, the following

ORDER

AND NOW, this 5th day of May, 1975, the appeal by Lucille Becote from the decision and order of the Unemployment Compensation Board of Review is hereby sustained and this record is remanded to the Board for the computation of the benefits due the claimant.