# Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Kathleen M. Book, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*James S. Rothstein*, with him *Alan Linder*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 15, 1976:

This is an appeal by Kathleen M. Book (claimant) from an order of the Unemployment Compensation Board

of Review (Board), dated April 17, 1975, which affirmed a referee's order, dated September 16, 1974, denying claimant unemployment benefits.

The facts of this case are not in dispute. The claimant was last employed by Host Enterprises in Lancaster as an accounting clerk. The Bureau of Employment Security (Bureau) determined that her last day of work was April 26, 1974, at which time she was deemed to have had a separation from employment which qualified her for unemployment compensation benefits. On June 24, 1974, she was referred to an interview for a clerical position with the Hartford Insurance Company (Hartford), which was opening a new office in Lancaster. She was hired to begin work on September 3, 1974 with her hours set at 8:15 A.M. to 5 P.M. She reported to work on that date and completed a day of training in Philadelphia. Upon her return home, however, she discovered that the child-care arrangements she had made for her two children could not be maintained. She then notified Hartford on the same day, September 3, 1974, that she would not be able to continue in employment because she now found it necessary to care for her two small children until 9 A.M. each morning, so that she could not report at 8:15 A.M. as required.

The Bureau denied benefits for the weeks beginning after September 7, 1974 on the basis that the claimant's failure to accept the referral job rendered her ineligible for benefits under Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).[1]

---

1. Section 402(a) of the Act provides, *inter alia,* that:

"An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him by the employment office or by any employer . . . ."

The claimant appealed and the referee who held a hearing on October 3, 1974 upheld the Bureau's determination and concluded that the claimant was disqualified pursuant to Section 402(a) of the Act. An appeal was then made to the Board which remanded the case for the purpose of scheduling a second hearing to elicit additional testimony for the Board's consideration. Following this hearing on February 6, 1975, the Board affirmed the referee's decision that the claimant was ineligible for benefits under Section 402(a) of the Act but added that the claimant was also disqualified for benefits under Section 401(d) of the Act,[2] 43 P.S. §801(d). This appeal followed.

Our scope of review in unemployment compensation cases is limited to a resolution of questions of law and, absent fraud, to a determination of whether the necessary findings of fact are supported by the evidence. *Becote v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 639, 339 A.2d 856 (1975); *Dingel v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974).

" 'Good cause' and 'suitable work' [i.e. under Section 402(a) of the Act] represent distinct concepts, and in determining eligibility they must be considered separately." *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 247, 110 A.2d 843, 846 (1955). "Good cause" relates to reasons which are not connected with employment and are strictly personal to the employee. *Barclay White Co. v. Unemployment Compensa-*

---

2. Section 401(d) of the Act provides, *inter alia,* that:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

"(d) Is able to work and available for suitable work: Provided, that ... (3) ... the claimant is demonstrating a bona fide attachment to the labor force by making an active search for work in a locality or localities where suitable work is normally available."

*tion Board of Review,* 356 Pa. 43, 50 A.2d 336 (1947). An employee's reasons to refuse suitable work, however, must be " 'real not imaginary, substantial not trifling, reasonable not whimsical, circumstances [which] compel the decision . . . to refuse suitable work.' " *Barclay White Co., supra,* 356 Pa. at 48, 50 A.2d at 340. In this appeal, it is uncontested that the employment offered to the claimant was suitable work,[3] and it is her contention that she refused such suitable work for good cause.

The evidence here supports the Board's finding that the claimant refused employment because of her domestic responsibilities. Such responsibilities, of course, including care of one's children, have been held not to constitute good cause for the refusal of suitable work by an unemployment compensation benefit claimant. *Schubauer Unemployment Compensation Case,* 197 Pa. Superior Ct.

---

3. "Suitable work" is defined in Section 4(t) of the Act, 43 P.S. §753(t) as

> "all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization."

600, 179 A.2d 661 (1962) ; *Buchko Unemployment Compensation Case,* 196 Pa. Superior Ct. 559, 175 A.2d 914 (1961) ; *Sparano Unemployment. Compensation Case,* 193 Pa. Superior Ct. 349, 165 A.2d 131 (1960). Having refused suitable work without good cause, therefore, the claimant was properly denied further unemployment compensation benefits.

The Board here added a second, independent ground for the disqualification of the claimant from benefits, finding her also ineligible under Section 401 (d) of the Act. The Board stated that "there were few opportunities in the claimant's labor market area" within her restricted working hours. It held, therefore, that she was not attached to the labor force. This appears contrary to our holding in *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975), in which we said that a claimant need only have a "reasonable opportunity" for securing work in his or her labor market, and that a finding that "few" opportunities existed was not sufficient to support a conclusion that no "reasonable opportunity" to secure employment existed. While, as a result, we would have to reverse this second finding by the Board, we must affirm its first finding which was also the finding of the referee, and hold that benefits in this case were properly denied on the basis of that first finding alone.

We, therefore, issue the following

ORDER

And, Now, this 15th day of March, 1976, the order of the Unemployment Compensation Board of Review insofar as it denies the claim of Kathleen M. Book pursuant to Section 402 (a) of the Unemployment Compensation Law is hereby affirmed.