Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Margaret Jane Lowell, Appellant.

Argued March 4, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 9, 1976:

This is an appeal from a decision and order of the Unemployment Compensation Board of Review (Board) denying benefits to Margaret Jane Lowell, pursuant to Section 402 (a) of the Unemployment Compensation Law[1] (Act), 43 P. S. §802 (a), which renders a claimant ineligible for refusing an offer of suitable work without good cause. After reviewing the evidence taken by the referee, the Board found that the claimant had been employed as a banquet waitress by the Sheraton Motor Inn at the time of her discharge on February 13, 1975. As a banquet waitress she had received $1.05 an hour plus tips which were evidently guaranteed at a rate of 12 per cent. On March 5, 1975, this same employer offered to rehire the claimant primarily as a dining room waitress but with some banquet work. As a dining room waitress, she would still receive $1.05 per hour plus tips but there would be no percentage guarantee as to the amount of tips, and, unlike the arrangements for banquet work, she would be compelled to work scheduled shifts, either breakfast, lunch or dinner. For various reasons, the claimant preferred to work only as a banquet waitress and she refused the offer of employment. The Board concluded that she lacked good cause for refusing an offer of suitable work and declared her to be ineligible for benefits under Section 402 (a) of the Act for the period following the March 5, 1975 offer. It remanded the action to a referee, however, for a determination as to whether or not the claimant was eligible for benefits from the date of her discharge on February 13, 1975 to March 5, 1975. This appeal followed.

In unemployment compensation appeals, our scope of review is confined to questions of law and to a determination of whether or not the findings of the compensa-

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

tion authorities are supported by substantial evidence. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). Questions concerning the credibility of the witness and the weight to be accorded the evidence are, of course, left to the Board and we must, therefore, give the party prevailing below the benefit of all reasonable and logical inferences. *Rice v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 592, 338 A.2d 792 (1975).

Our review of the record reveals more than adequate evidence to support the factual findings of the Board. The claimant argues first that the Board could not properly determine whether or not she had good cause to refuse the employer's offer to re-employ her without first determining the reason for her discharge, an issue to which the Board directed its remand order and which will be determined on the remand. We do not believe that the Board erred in this respect, for the record fails to demonstrate that the claimant at any time was denied an attempt to show that the circumstances surrounding her discharge constituted the cause for her refusal to accept the proffered work. Indeed this does not appear in any way to have been the reason for refusing the offer. What does appear is that she refused to work because she preferred banquet work as opposed to dining room work.

The claimant also argues, of course, that she had good cause for refusing the offer of reemployment because the work offered was not suitable. Section 402 (a) of the Act reads as follows:

"An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any

employer, irrespective of whether or not such work is in 'employment' as defined in this act. . . ."

"Good cause" and "suitable work," as used in this provision, represent distinct concepts and must be considered separately in determining the eligibility of a claimant. *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 110 A.2d 843 (1955).

"Suitable work," as defined in Section 4(t) of the Act, 43 P. S. §753(t), generally means all work which the employee is capable for performing,[2] and it seems evident here that the nature of the work offered the claimant was "suitable" as that term is defined. Certainly the claimant has not stated or proved to the Board that it is work which she is not capable of perfoming. As a dining room waitress, however, her work schedule would be fixed to one of the three available shifts, and she argues that this

---

2. "Suitable" work is defined in Section 4(t) of the Act, 43 P.S. §753(t) as

"all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree or risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization."

"would cause a change in her family schedule." Such vague domestic responsibilities, however, would not render as unsuitable the work that was offered. *See Unemployment Compensation Board of Review v. Book,* 24 Pa. Commonwealth Ct. 36, 354 A.2d 4, (1976).

"Good cause" for refusing suitable work must be "real not imaginary, substantial not trifling, reasonable not whimsical." *Barclay White Co. v. Unemployment Compensation Board of Review,* 356 Pa. 43, 48, 50 A.2d 336, 340 (1947), and a claimant's reasons must be of the magnitude that compels his or her decision to refuse the offer. *Barclay White Co., supra.* In addition, the claimant must show a genuine desire to work and be self-supporting, *Ennis v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 344, 336 A.2d 438 (1975), yet here the claimant advances only these four reasons as constituting her "good cause" for refusing this employer's offer of work:

    a)  banquet work guarantees a 12% gratuity;

    b)  banquet work has a more flexible schedule;

    c)  banquet work is more prestigious; and

    d)  banquet work requires less tolerance.

Clearly, this record does not indicate evidence sufficient for the Board to have concluded that these reasons were so substantial as to compel the claimant to have refused the employer's offer of work as a dining room waitress. There is no evidence that the absence of a guaranteed tip would result in a diminution of income sufficient to justify the refusal. *See United States Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1973); *Bethlehem Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 292, 310 A.2d 697 (1973), and there is no proof that the other reasons advanced by the claimant amount to more than a whimsical dislike for the position of dining room waitress. The

record here simply fails to show evidence that is sufficient to meet the test of "good cause."

We, therefore, issue the following

### ORDER

AND, NOW, this 9th day of April, 1976, the decision and order of the Unemployment Compensation Board of Review denying benefits to Margaret Jane Lowell is hereby affirmed.