Franklin & Lindsey, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Edwin B. Barnett,* with him *Strong, Barnett, Hayes & Hamilton,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 23, 1979:

Franklin & Lindsey, Inc. (employer) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board), which reversed a referee's denial of compensation to Karen Jesiolowski (claimant).

The claimant was last employed as a draftsperson-surveyor, having commenced her employment in April of 1975 and working only as a draftsperson until August of 1975 when she began to do field survey work. Beginning in March of 1976, she was required by the employer, against her wishes, to perform secretarial duties, and on May 21, 1976, she was laid off because

of a lack of work to be done. Soon thereafter she was again offered the same work by this same employer, but she refused it as not commensurate with her training and experience.

Upon the claimant's application for compensation, the Bureau of Employment Security issued a determination denying benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which disallows benefits when "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." The claimant appealed, and the referee affirmed the Bureau's determination under Section 402(a) of the Law, 43 P.S. §802(a), which denies benefits to an employee who refuses to accept suitable work when it is offered. The claimant then appealed to the Board, which reversed the referee and granted benefits. From this adjudication the employer now appeals.

In unemployment compensation cases, our scope of review is limited to questions of law and, absent fraud, to a determination of whether or not the necessary findings of fact are supported by the evidence. Section 510 of the Law, 43 P.S. §830. The employer objects here to the Board's finding that the claimant was offered "purely secretarial work" and argues that the finding is not supported by the evidence and that, on the contrary, the employment offered was suitable.

It is true that there was conflict in the testimony here regarding the type of employment offered to the claimant, but there was evidence, in the form of the claimant's direct testimony and corroborating hearsay evidence, on which the Board's decision could well have been based. The Board accepted the claimant's testimony as to the nature of the work offered, and that determination is binding on us, for questions of

credibility and evidentiary weight are questions of fact for the Board to resolve. *Ravenell v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 138, 377 A.2d 1297 (1977). Thus, the only real issue here is whether or not secretarial work was unsuitable for a person with the claimant's experience and training as a draftsperson-surveyor.

The Board decided that, under the criteria as set out in Section 4(t) of the Law, 43 P.S. §753(t), defining "suitable work,"[1] the employment proffered by the employer to this claimant could not be deemed suitable. "Suitable work," as defined in Section 4(t), means all work which the employee is capable of performing, and it seems evident here that the nature of the work offered the claimant[2] was "suitable" as that term is defined. The claimant had previously done secretarial work for the petitioner, as well as a previous employer, and certainly did not contend that she is not capable of performing such work. *See Unemployment Compensation Board of Review v. Lowell*, 24 Pa. Commonwealth Ct. 309, 355 A.2d 616 (1976).

"Good cause" for refusing suitable work must be " 'real not imaginary, substantial not trifling, reasonable not whimsical.' " *Barclay White Co. v. Unemployment Compensation Board of Review*, 356 Pa. 43, 48, 50 A.2d 336, 340 (1947), and a claimant's reasons must be of the magnitude that compels his or her decision to refuse the offer. The record here simply fails to show evidence that is sufficient to meet the test of "good cause."

---

[1] Under this section, suitable work is defined as that which the employee is capable of performing. The department, however, is directed to consider a number of other factors including risk to health, safety, physical fitness, and prior training and experience.

[2] Claimant had worked for petitioner as a draftsperson-surveyor and for a portion of her employment performed secretarial duties. She was offered secretarial work which she refused.

Accordingly, we enter the following

ORDER

AND Now, this 23rd day of January, 1979, the order of the Unemployment Compensation Board of Review in the above captioned case is hereby reversed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

I cannot agree with the majority that the claimant was offered suitable work and that she refused it without good cause. While it is true that Section 4(t) of the Unemployment Compensation Law,[1] 43 P.S. §753 (t), defines "suitable work" as "all work which the employe is capable of performing," it also contains the following directive:

> In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation. . . .

Applying these criteria in this case, the Board reasoned as follows:

> In the instant case the record reveals that the claimant, who had previously worked for the same employer as a draftsperson-surveyor but

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

had done some secretarial work, refused work purely as a secretary at the same rate of pay. The record further reveals that the claimant had only been unemployed for about five days and that the majority of the claimant's prior training and experience is in the drafting and related fields. Under the circumstances, the proffered employment cannot be deemed suitable. . . .

Like the claimant here, many employees are capable of performing more than one job. It does not follow, however, that every job an employee is capable of performing is "suitable" employment, nor does the statute so provide. Whether or not proffered work is suitable involves a factual determination which is peculiarly within the province of the administrative agency with the relevant expertise in and understanding of job classifications, labor markets, the adaptability of skills, and so forth. We should be loathe, therefore, to substitute our judgment for that of the Board in all but the clearest case of error, which the appeal before us is not.

Furthermore, this Court has observed in a case in which it was stipulated that the proffered employment would not allow the claimant to preserve his skills, that a "claimant must have a reasonable time to seek employment which would use his skills before being required to accept a position that did not." *United States Steel Corp. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 295, 300, 310 A.2d 94, 96 (1973). In the case before us the Board found, *inter alia*:

The claimant refused the proffered employment because she felt that a purely secretarial job was not in keeping with her training and experience, *that her drafting skills would deteriorate* and that the job lacked sufficient opportunities for advancement. (Emphasis added.)

I believe that the Board's determination was properly based on testimony which it deemed credible as to the claimant's training and experience and as to the length of time she had been unemployed. I would therefore affirm the Board's decision that the claimant had good cause for refusing the proffered employment.