Raymond B. Horst, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Michael H. Kaliner,* for appellant.

*Elsa Newman,* Assistant Attorney General, with her *Edward G. Biester, Jr.,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 15, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied Raymond B. Horst, Jr. (claimant) unemployment compensation benefits. The Board found the claimant ineligible under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e), because his discharge resulted from willful misconduct. We affirm.

The claimant was a truck driver whose responsibilities were to pick up goods at locations assigned to him by his employer. On his last day of work he was assigned to make a pick-up which he refused to make because, as he testified, he believed that the location of the assignment was unsafe. He was requested three times that day to do the assigned work and each time he refused. He was then dismissed. Previously, he had been involved in a traffic accident at the location of the assignment, and had received a disciplinary suspension for unsafe driving and a warning that he would be further disciplined if he had another accident. The sole question presented in this appeal is whether or not the claimant's refusal to do the assigned work constituted willful misconduct.

The direct refusal to comply with a reasonable request of an employer can constitute willful misconduct. *Troyen v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978). The pivotal issue in this case, however,

326

is whether or not the assignment was reasonable. The record shows that the pick-up in question had been made by one or another of the employer's drivers every other day for approximately 20 years, and that none of the other drivers had ever refused to make it, nor had any of them ever reported being involved in a traffic accident at the location. Inasmuch as the claimant failed to show that the location was unsafe except to the extent that he had once been involved in an accident there, we must conclude that the Board had ample support in the record to find that the claimant's conduct constituted an unreasonable refusal to perform a reasonable request by the employer. We must, therefore, affirm the Board and also find the claimant ineligible for benefits.

ORDER

AND Now, this 15th day of November, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-159808, dated June 2, 1978, is hereby affirmed.