Frank M. Bischak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*Kathleen R. Mulligan*, with her *Richard J. Federowicz*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., December 21, 1979:

Petitioner (claimant) appeals from the order of the Unemployment Compensation Board of Review (Board) disallowing his appeal from the order of the referee denying unemployment compensation benefits. We reverse and remand.

Claimant was an employee of the Pennsylvania Department of Transportation, earning approximately $6.00 per hour. In August 1977 claimant began a part-time job as a laboratory assistant with the Ohio Valley General Hospital (Hospital) in McKees Rocks,

Pennsylvania, working two days each week at $3.30 per hour. The Pennsylvania Department of Transportation laid off claimant in October 1977, after which claimant filed his initial application for unemployment compensation benefits and began an active search for full-time employment in the areas of engineering and construction.

On Monday, April 24, 1978, the Hospital's personnel director telephoned claimant and offered him a position as a groundskeeper at $3.30 per hour for an additional three days each week, beginning Tuesday, April 25th at 8:00 a.m. Claimant explained to the personnel director that he would hear by Thursday, April 27th from a local company about an engineering job paying $8.00 per hour and said that if he did not get the engineering job he would take the groundskeeper job. There is no evidence in the record indicating that the personnel director did not agree that the claimant could wait until Thursday, the 27th to accept. On Wednesday, April 26th claimant called the company, learned that he was not getting the engineering job, and telephoned the Hospital's personnel director to take the groundskeeper job. The personnel director informed him that the position had been filled.

Subsequently, the Bureau of Employment Security[1] issued a determination disqualifying claimant from receiving further unemployment compensation benefits beginning the compensable week ending April 29, 1978. A hearing before an unemployment compensation referee was held on May 24, 1978, and on May 25, 1978 the referee issued an order denying unemployment compensation benefits, holding that claimant was ineligible for compensation due to his failure to accept suitable work offered to him by an employer. On July 12, 1978 the Board affirmed the referee's order.

---

[1] Now Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), provides in part that an employee shall be ineligible for compensation for any week in which his unemployment is due to failure, without good cause, to accept suitable work when offered to him by the employment office or by an employer. The claimant here does not fit within such a grouping. His good faith towards the Hospital's offer is demonstrated by the notice he gave to the Hospital of the forthcoming decision on his application for a job in his field, by his accelerated effort to learn of the decision, and by his prompt efforts to notify the Hospital that he would work as its groundskeeper. This Court has said that a claimant must have reasonable time to seek employment which would use his skills before being required to accept a position that did not, *United States Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1973), and has noted that a pending job opportunity in one's field is a mitigating circumstance, *see Bethlehem Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 292, 310 A.2d 697 (1973). We cannot conclude as a matter of law that the claimant in the instant case failed, without good cause, to accept suitable work offered to him.

Accordingly, we will enter the following

ORDER

AND Now, December 21, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-161342, dated July 12, 1978, affirming the denial of unemployment compensation benefits to Frank M. Bischak, is reversed, and the record is remanded to the Board for the computation of benefits due the claimant.