Leonard S. Jefferis, Jr., Peitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 9, 1980:

Leonard S. Jefferis, Jr., (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying him unemployment benefits on the grounds that he was discharged for willful misconduct and was therefore ineligible for benefits. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We will affirm.

The claimant was last employed as a truck driver by Chemical Leaman Tank Lines, Inc. (employer), when, in February of 1979, he was discharged for violating the employer's rule which requires that drivers immediately report any accidents in which they are involved. The claimant contends that he was unaware that he had been involved in an accident and that the Board's finding that he had been so involved was based on incompetent hearsay testimony. He argues, therefore, that his failure to report the accident was reasonable and should not preclude him from obtaining benefits. *See Horst v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 324, 407 A.2d 1385 (1979).

Although the record does contain several statements by the employer's representative which are

based on the hearsay statements of third parties concerning the occurrence of the accident, these statements do not form the sole basis for the Board's finding that the claimant had been in an accident. Rather, these statements are corroborated by the claimant's own testimony and, therefore, may be given their natural probative effect. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

At the hearing before the referee the claimant testified that, while he was departing from a truck stop in his truck, he was stopped by another driver who stated that his parked vehicle had just been struck by the claimant. The claimant testified that, although his inspection of the other vehicle revealed some minor damage, he was certain that he had not caused the damage, and his further testimony reveals that, even though his inspection of his own truck prior to taking control of it that morning had not revealed any damage, upon arriving at his destination he was made aware by another observer that his truck's front fender was damaged. The claimant did not report this course of events to his employer, and the employer was completely unaware of it until a claim was received for damages in the amount of $563.33 from the owner of the parked vehicle which the claimant is alleged to have hit.

We believe that the claimant's testimony, standing alone, constituted sufficient evidence for the Board to find him to have been involved in, and to be aware of the accident concerned. Moreover, the Board specifically rejected, on the basis of lack of credibility, the claimant's contention that he had not been so involved. Because there is substantial evidence to support this finding and because this finding ultimately depends upon a resolution of credibility as to which the Board is the sole and final arbiter, we must dismiss the claim-

ant's argument. *Franklin & Lindsey, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 59, 396 A.2d 497 (1979).

Because there is no question that the claimant failed to notify the employer of the accident as required by the employer's rules, we must conclude that the claimant was discharged for willful misconduct and is ineligible for unemployment benefits.

ORDER

AND Now, this 9th day of December, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.